## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

HECTOR GUERRERO-FELICIANO,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

**Civil No. 20-1027 (ADC)**
**[Related to Crim. No. 14-284-12 (ADC)]**

## OPINION AND ORDER

Pending before the Court is petitioner Héctor Guerrero-Feliciano's ("petitioner") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. **ECF No. 2**.[1] The United States of America ("Government") opposed. **ECF No. 5**. For the ensuing reasons, the Court **DENIES** petitioner's motion.

### I.      Procedural Background

On April 23, 2014, a grand jury returned a six-count indictment charging petitioner and several other defendants with possession and intent distribute controlled substances, a conspiracy charge under 21 U.S.C. §§ 841(a)(1), 846 and 860 ("Count One"), and a charge for use and carrying of a firearm during and in relation to a drug trafficking crime in violation of 28

---

[1] Petitioner filed his motion in the First Circuit Court of Appeals as a request for authorization to file a "second or successive" motion. *See*, **ECF No. 1**, at 9; 28 U.S.C. § 2255(h). On January 17, 2020, the First Circuit issued a Judgment transferring petitioner's § 2255 motion to this Court, as it appeared that petitioner had not yet filed a first such motion, and thus prior leave form the court of appeals was unnecessary. **ECF No. 1**. Accordingly, this Court construes petitioner's motion as an initial § 2255 motion.

U.S.C. § 924(c)(1)(A) ("Count Six"). *See*, **Crim. No. 14-284-12, ECF No. 3**. On April 29, 2015, petitioner plead guilty to Counts One and Six of the indictment pursuant to a plea agreement. **Crim. No. 14-284-12, ECF No. 1202**. As a result, all other charges except Counts One and Six were dismissed as to petitioner and the Court entered judgment on September 9, 2015. **Crim No. 14-248-12, ECF No. 1266**. Petitioner was sentenced to a term of imprisonment for a total of 130 months. *Id.* He did not appeal.

On November 26, 2019,[2] petitioner filed the present motion seeking relief from his conviction under 28 U.S.C. § 2255 based on the retroactive application of an allegedly new substantive rule announced by the Supreme Court in *United States v. Davis*, 139 S.Ct. 2319 (2019). **ECF No. 2**. Although not listed as a separate ground for relief, petitioner also included argumentation to effect of challenging the indictment to which he plead guilty. *Id.*, at 9-11. The government filed a response on September 7, 2022, arguing that *Davis* is inapposite to petitioner's claim, that his claims are procedurally defaulted, and that his challenge to the indictment is time-barred. **ECF No. 5**. Petitioner did not file a reply despite having the right do so. 28 U.S.C. § 2255, Rules Governing § 2255 Proceedings, Rule 5(d); L. Civ. R. 7(c).[3]

---

[2] In its Judgment transferring petitioner's motion to this Court, the First Circuit mandated that the motion be "deemed filed in the district court on the date petitioner's second or successive application was filed in this court." **ECF No. 1**. From the motion's certificate of service and the envelope carrying it, it appears that petitioner delivered his motion to the corresponding prison authorities for mailing on November 26, 2019. *See*, **ECF No. 2**, at 12; **ECF No. 2-1**; *see also*, Fed. R. App. P. 25(a)(2)(A)(iii) (regarding timely filing by inmates using a prison's mailing system). In any case, the First Circuit received petitioner's motion on December 2, 2019, as evidence by a receipt stamp on said envelope. **ECF No. 2-1**.

[3] Petitioner therefore did counter the government's contentions as to *Davis'* inapplicability, his procedural default, or the untimeliness of his challenge to the indictment. As to the latter, this precludes any consideration of equitable

## II.      Discussion

### A.  Applicability of *United States v. Davis* to Petitioner's Case

Petitioner's motion is ostensibly based on the retroactive application the Supreme Court's decision in *United States v. Davis*. There, the Supreme Court struck down as unconstitutionally vague the so-called "residual clause" of 28 U.S.C. § 924(c)(3)(B) regarding the definition of a "crime of violence" as used in § 924(c)(1)(A). *Davis*, 139 S.Ct. at 2336. The premise of petitioner's main argument is that, because one of the charges he plead guilty to is based on § 924(c)(1)(A), he is entitled to relief under *Davis*. *See*, **ECF No. 2**, at 1-9.

To be sure, § 924(c)(1)(A) contains cross-references to two types of crimes that trigger its application to a defendant who commits the § 924 violation while using, carrying, or possessing a firearm in relation to: a "crime of violence" or a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The statute itself provides separate definitions for these categories. *See*, 18 U.S.C. §§ 924(c)(2) (defining the term "drug trafficking crime") and 924(c)(3) (defining the term "crime of violence"); *see also*, *Davis*, 139 S.Ct. at 2330 ("…Congress added a subsection-specific definition of 'drug trafficking crime' in § 924(c)(2)—and, perhaps thinking that both terms should be defined in the same place, it also added a subsection-specific definition of 'crime of violence' in § 924(c)(3)."). Relevant here, the Supreme Court in *Davis* only dealt with (and struck

---

tolling. *See*, *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019) ("To establish a basis for equitable tolling, **a *habeas* petitioner must demonstrate** that he or she has diligently pursued her rights, but some extraordinary circumstance, or obstacle, prevented timely filing.") (emphasis added).

down) the so-called "residual clause" of the "crimes of violence" definition—not the "drug trafficking crime" definition. The text of the latter, furthermore, bears no semblance whatsoever to § 924(c)(3)'s residual clause.

In its response to petitioner's motion, the government correctly points out that petitioner was charged with the use and carrying of a firearm during and in relation to a "drug trafficking crime," **<u>not</u>** in relation to a "crime of violence." *See*, **ECF No. 5**, at 2. A cursory reading of Count Six of the indictment confirms this as an unassailable fact: "…the defendants herein [including petitioner] … did knowingly use and carry a firearm, as defined in [18 U.S.C. § 921(a)(3)], during and in relation to **<u>a drug trafficking crime</u>**, as that term is defined in [18 U.S.C. § 924(c)(2).]" **Crim. No. 14-284-12, ECF No. 3**, at 19-20 (emphasis added).[4] Furthermore, petitioner stipulated in his Plea Agreement that "[a]s an Enforcer, he would possess, carry, and use firearms to protect the members of the drug trafficking organization, the narcotics, and the proceeds derived from the sale of narcotics." **Crim No. 14-284-12, ECF No. 1202**, at 11.

Evidently, petitioner's reliance on *Davis* is fatally flawed—a square peg in a round hole. Because he was convicted under the "drug trafficking crime" provision of § 924(c)(1)(A) and not its "crime of violence" one, the rule announced in *Davis* is of no relevance or application to his case and affords him no relief.

---

[4] The Plea Agreement includes a nearly identical description of Count Six: "Count Six charges that… the defendant… did knowingly use and carry a firearm, as that term is defined in [18 U.S.C. § 921(a)(3)], during and in relation to a drug trafficking crime, as that term is defined in [18 U.S.C. 924(c)(2).]" **ECF No. 1202**, at 2.

### B.  Timeliness of Petitioner's Challenge to the Indictment

The inapplicability of *Davis* is enough to doom petitioner's motion. Nevertheless, the Court is required to construe *pro se* filings liberally and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, the Court will assume that petitioner's motion presents not one, but two § 2255 claims: (i) a patently meritless *Davis* claim, and (ii) a challenge to the indictment, based on a particular reading of § 924(c) and *United States v. Combs*, 369 F.3d 925 (6th Cir. 2004). However, having disposed of petitioner's *Davis* claim, his second claim is left without a leg to stand on, due to it being filed outside of § 2255's statute of limitations.

For a § 2255 motion to be timely, it must be filed within the one-year limitations period provided for in 28 U.S.C. § 2255(f). This statute of limitations runs from the occurrence of latest of the following four dates:

> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

18 U.S.C. § 2255(f).

As discussed above, *Davis* is inapposite to petitioner's conviction and affords him no relief, and petitioner's challenge to the indictment relies on no other Supreme Court case published within a year prior to his § 2255 motion. This makes § 2255(f)(3) inapplicable.[5] Furthermore, petitioner's claim does not involve any allegation that a governmental action ever impeded his ability to file a § 2255 motion, nor does it rely on any newly discovered facts, which excludes the application of §§ 2255(f)(2) and (4). Therefore, by elimination, the only option petitioner can rely on to support the timeliness of his § 2255 motion is the date on which the judgment in his case became final. 28 U.S.C. § 2255(f)(1).

The record shows that judgment was entered against petitioner on September 9, 2015. **Crim No. 14-284-12, ECF No. 1266**. Petitioner did not appeal from the judgment and, as a result, his conviction became final. *See, United States v. Ciampi*, 419 F.3d 20, 23 n. 2 (1st Cir. 2005) (when a defendant fails to appeal his conviction, "the one-year period commence[s]… when the court enter[s] judgment on the plea agreement."). *But see, Hernández-López v. United States*, No. 20-1128, 2022 WL 4220193 at *1 (D.P.R. Sept. 12, 2022) (identifying possible disagreement of other Circuit Courts with *Ciampi* as to whether one-year limitations period begins to run upon entry of judgment or when time to appeal expires under Fed. R. App. P. 4(b)(1)).[6] Therefore,

---

[5] This being a separate claim from his failed *Davis* claim, petitioner must provide an independent basis for timeliness. *See, Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014) ("[W]e hold that the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis.").

[6] As in *Hernández-López*, this question is purely academic here, where the fourteen-day difference between the entry of judgment against petitioner and the expiration of his time to appeal is inconsequential to the timeliness inquiry.

petitioner's second claim challenging the indictment would have had to been filed as a § 2255 motion no later than September 9, 2016. Because petitioner filed his § 2255 motion on November 26, 2019, it is untimely **by more than three years**.

Having been unable to establish the timeliness of his second claim, petitioner's late challenge to his indictment is irreparably time-barred.[7]

## C.  Certificate of Appealability

Rule 11(a) of the Rules Governing § 2255 proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court **DENIES** the COA because no such showing was made.

## III.   Conclusion

After careful consideration of petitioner's motion, the government's response, and the record underlying petitioner's sentence, the Court **DENIES** petitioner's motion. Petitioner's claim under *Davis* is patently meritless and his claim challenging the sufficiency of the indictment against him is time-barred.

---

[7] Because the Court finds that *Davis*' inapplicability and § 2255(f)(1)'s statute of limitations are both matters dispositive of petitioner's motion, it need not consider the Government's other arguments regarding petitioner's procedural default or the merits of petitioner's second claim.

For the foregoing reasons, the Court **DENIES** Petitioner's § 2255 motion and dismisses the case. **ECF No. 2**. The Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of March, 2023.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**